UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AHN-TUAN TRUONG, | : |
| Plaintiff, | : Civil Action No. |
| v. | : **NOTICE OF REMOVAL** |
| AMERICAN ASSOCIATION OF UNIVERSITY PROFESSORS, RUTGERS UNIVERSITY, and PROFESSOR RUDOLPH BELL, and PROFESSOR DANIEL O'CONNOR, | : |
| Defendants. | : |

**PLEASE TAKE NOTICE** that on this date, defendants Rutgers Council of AAUP Chapters (incorrectly pleaded as American Association of University Professor, Rutgers University), Professor Rudolph Bell, and Professor Daniel O'Connor (hereinafter "defendants"), by their undersigned counsel, has filed this Notice of Removal pursuant to 28 U.S.C. § 1466, in the office of the Clerk of the United States District Court for the District of New Jersey.

Defendants, by their undersigned counsel, state as follows:

1.  On information and belief, plaintiff Anh-Tuan Truong commenced this action on or about February 3, 2004, by filing a Complaint in the Superior Court of New Jersey, Law Division, Middlesex County as Docket No. L-762-04. True copies

1

of the Summons and Complaint, which constitute all of the process and pleadings to date, are annexed hereto as Exhibit 1.

2. A copy of the Summons and Complaint was served upon defendants Rutgers Council of AAUP Chapters, Professor Rudolph Bell, and Professor Daniel O'Connor on or about March 9, 2004.

3. This action arises under federal law, because it defines the plaintiff as an employee and Rutgers Council of AAUP Chapters as an employer "as those terms are defined by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, et seq." (Complaint, ¶6) and seeks a declaratory judgment that defendants' actions violated plaintiffs rights "as secured by federal and state legislative enactments" (Complaint ,"wherefore" clause at §a following ¶37 and "wherefore" clause at §a following ¶39).

4. This action may be removed to this Court by defendants pursuant to 28 U.S.C. § 1441(b).

5. This Notice of Removal is filed with the Court within 30 days of receipt by defendant of the Complaint.

6. By filing this Notice of Removal, defendants do not waive any defenses that may be available to them.

7. All of the defendants have consented to the removal of this action.

PLEASE TAKE FURTHER NOTICE that defendants, upon filing the Notice of Removal in the office of the Clerk of the United States District Court for the District of

New Jersey, have also filed copies of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County.

WHEREFORE, defendants remove the above-captioned action now pending against them in the Superior Court of New Jersey, Law Division, Middlesex County as Docket No. L-762-04, to the United States District Court for the District of New Jersey, wherein it shall proceed as an action originally commenced therein.

          Respectfully submitted,

          REINHARDT & SCHACHTER, LLC
          One Gateway Center, 26th Floor
          Newark, NJ, NY 07102
          (973) 623-1600

          Attorneys for Defendants
          Rutgers Council of AAUP Chapters,
          Professor Rudolph Bell, and
          Professor Daniel O'Connor

By: _/s/ Paul Schachter_____
          Paul Schachter
          PS 5005

Dated: April 2, 2004

# EXHIBIT 1

Frost & Ziff
430 Route 70 West
Cherry Hill, NJ 08002

Attorney(s): Gregg L. Zeff, Esquire
Office Address & Tel. No.: 856-429-1700
Attorney(s) for Plaintiff(s)

Anh-Tuan Truong,
                                    Plaintiff(s)
           vs.
American Association of
University Professors,
Rutgers' University,
                et al.              Defendant(s)

SUPERIOR COURT OF NEW JERSEY
Middlesex COUNTY
Law DIVISION
Docket No. L-762-04
CIVIL ACTION
**SUMMONS**

From The State of New Jersey, To The Defendant(s) Named Above:

   The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) An $80.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

   If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

   If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED: 1/23/04

                                                                DONALD F. PHELAN
                                                                Clerk of the Superior Court
Name of Defendant to be Served: American Association of
                                University Professors,
                                Rutgers' University
Address of the Defendant to be Served: 48 Street 1603
                                       Piscataway, NJ 08854

31 - SUMMONS - LAW DIVISION
SUPERIOR COURT (Rev. 5/95)

Printed on 100%
Recycled and Recyclable Paper
ADGRVST-1

© 1994 by ALL-STATE LEGAL, A Division of
ALL-STATE International, Inc. 908-272-0800

Frost & Zeff
430 Route 70 West
Cherry Hill, NJ 08002

Attorney(s): Gregg L. Zeff, Esquire
Office Address & Tel. No.: 856-429-1700
Attorney(s) for Plaintiff(s)

Anh-Tuan Truong
                                        Plaintiff(s)

        vs.

American Association of
University Professors,
Rutgers University, et al.
                                        Defendant(s)

SUPERIOR COURT OF NEW JERSEY
Middlesex COUNTY
Law DIVISION

Docket No. L-762-04

CIVIL ACTION
SUMMONS

From The State of New Jersey, To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) An $80.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED: 1/23/04

DONALD F. PHELAN
Clerk of the Superior Court

Name of Defendant to be Served: Professor Rudolph Bell
President Rutgers University of AAUP Chapters
Address of the Defendant to be Served: 48 Street 1603
Piscataway, NJ 08854

31 - SUMMONS - LAW DIVISION
SUPERIOR COURT (Rev. 5/95)

Printed on 100%
Recycled and Recyclable Paper
A D G R V S T - 1

© 1994 by ALL-STATE LEGAL, A Division of
ALL-STATE International, Inc. 908-272-0800

Frost & Zeff
430 Route 70 West
Cherry Hill, NJ 08002

Attorney(s): Gregg L. Zeff, Esquire
Office Address & Tel. No.:
Attorney(s) for Plaintiff(s) 856-429-1700

Anh-Tuan Truong
                                    Plaintiff(s)

vs.

American Association of
University Professors,
Rutgers University, et al.
                                    Defendant(s)

SUPERIOR COURT OF NEW JERSEY
Middlesex COUNTY
Law DIVISION
Docket No. L-762-04
CIVIL ACTION
SUMMONS

From The State of New Jersey, To The Defendant(s) Named Above:

   The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) An $80.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

   If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

   If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED: 1/23/04

                                                DONALD F. PHELAN
                                                Clerk of the Superior Court

Name of Defendant to be Served: Professor Daniel O'Connor
                                Rutgers Council of AAUP Chapters
Address of the Defendant to be Served: 48 Street 1603
                                       Piscataway, NJ 08854

31 - SUMMONS - LAW DIVISION
SUPERIOR COURT (Rev. 5/95)

Printed on 100%
Recycled and Recyclable Paper
ADGRVST-1

© 1994 by ALL-STATE LEGAL, A Division of
ALL-STATE International, Inc. 908-272-0800



# CIVIL CASE INFORMATION STATEMENT
## (CIS)

Use for initial Law Division - Civil Part pleadings (not motions) under Rule 4:5-1.
Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.

| | |
|---|---|
| PAYMENT TYPE: | CK   CG   CA |
| CHG / CK NO. | |
| AMOUNT : | |
| OVERPAYMENT : | |
| BATCH NUMBER : | |

ATTORNEY / PRO SE NAME: GREGG L. ZEFF
TELEPHONE NUMBER: (215) 351-3333
COUNTY OF VENUE: MIDDLESEX

FIRM NAME (If applicable): FROST & ZEFF
DOCKET NUMBER (When available): L·762·04

OFFICE ADDRESS: 430 ROUTE 70 WEST, CHERRY HILL, NJ 08002
DOCUMENT TYPE: COMPLAINT
JURY DEMAND: ☑ YES  ☐ NO

NAME OF PARTY (e.g. John Doe, Plaintiff): ANH-TUAN TRUONG
CAPTION: ANH-TUAN TRUONG v. AAUP RUTGERS' UNIVERSITY, ET AL.

CASE TYPE NUMBER: 005
IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☑ NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING? ☐ YES ☑ NO
IF YES, LIST DOCKET NUMBERS:

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☑ NO
NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN: ☐ NONE ☑ UNKNOWN

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

A. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☑ YES ☐ NO
IF YES, IS THAT RELATIONSHIP: ☑ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS

B. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☑ YES ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ YES ☐ NO
IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

WILL AN INTERPRETER BE NEEDED? ☐ YES ☐ NO
IF YES, FOR WHAT LANGUAGE:

ATTORNEY SIGNATURE: /s/

Revised July 2001

FROST & ZEFF
BY: GREGG L. ZEFF, ESQUIRE
430 ROUTE 70 WEST
CHERRY HILL, NJ 08002
(856) 429-1700

| | |
|---|---|
| ANH-TUAN TRUONG<br>12 Talbot Street<br>Somerset, NJ 08873<br><br>vs.<br><br>AMERICAN ASSOCIATION OF<br>UNIVERSITY PROFESSORS,<br>RUTGERS' UNIVERSITY<br>48 Street 1603<br>Piscataway, NJ 08854<br><br>and<br><br>PROFESSOR RUDOLPH BELL<br>President<br>Rutger's Council of AAUP Chapters<br>48 Street 1603<br>Piscataway, NJ 08854<br><br>and<br><br>PROFESSOR DANIEL O'CONNOR<br>Rutger's Council of AAUP Chapters<br>48 Street 1603<br>Piscataway, NJ 08854 | SUPERIOR COURT OF NEW<br>JERSEY<br>LAW DIVISION - MIDDLESEX<br>COUNTY<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Anh-Tuan Truong, by and through his attorneys, Frost & Zeff, hereby brings this Complaint against the Defendant and in support thereof alleges as follows:

## INTRODUCTION

1. This action for declaratory, injunction, monetary and other appropriate relief is brought by the Plaintiff ot redress the violations by the Defendant of the rights secured to Plaintiff by the statutory and common law of the State of New Jersey.

## PARTIES

2. Plaintiff, Anh-Tuan Truong (hereinafter referred to as "Plaintiff") is a resident of New Jersey residing at the above address.

3. Defendant, American Association of University Professors, Rutgers Chapter (hereinafter referred to as "Defendant AAUP") is a collective bargaining unit organized within the state of New Jersey.

4. Defendant, Professor Rudolph Bell (hereinafter referred to as "Defendant Bell") is a citizen and resident of New Jersey and at all times relevant hereto acted as President of the AAUP or in his individual capacity.

5. Defendant, Professor Daniel O'Connor (hereinafter referred to as "Defendant O'Connor") is a past president of the AAUP and member of the budget and personnel committee of the AAUP.

6. At all times relevant hereto, Plaintiff was an employee and Defendant AAUP is an employer as those terms are defined by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000, et seq.

## FACTS

7. Plaintiff was born in Vietnam but lived in Canada from 1980 until 1998. Plaintiff's first language is Vietnamese, his second language is French and his third language is English.

8. In 1998, Plaintiff was hired by Defendant AAUP as its administrative director.

9. Plaintiff's job duties included, but were not limited to management of the day-to-day operations of the AAUP, a collective bargaining unit consisting of Rutgers' University full-time faculty, and teaching and graduate assistants.

10. Plaintiff performed all job duties and functions in a least a satisfactory manner from 1998 through 2001.

11. From 1998 through 2001, Plaintiff received awards, commendations and pay raises from the AAUP.

12. During the years 1998 through 2001, Plaintiff worked hours in excess of those required in his contract and did not take the compensatory time available and due to him pursuant to his contract.

13. In 2002, several family emergencies occurred for Plaintiff.

14. In 2002, Plaintiff's brother in Canada died, his mother became ill and family property in Viet Nam became the subject of a legal dispute.

15. As a result of the family health and legal issues, Plaintiff began taking a combination of vacation time and compensatory time off from work with the express permission and consent of the AAUP President.

16. In August of 2003, the AAUP posted a vacant position for a low level (junior in rank and responsibilities) staff position. All of the staff members and former officers were involved in the development of the job description, the qualifications and requirements for the position. The development of the position was done under the direction of AAUP immediate past president, Professor Jerry Scheinbeim and the immediate past treasurer, Professor Ken Carlson. The staff was also involved in the selection and hiring process.

17. The selection of candidates for interview was done in late August, under the administration of Professor Scheinbeim.

18. However, the interview process took place in September, under the new administration of the new president, Defendant Bell.

19. After the interview process, one candidate with the Asian background (Ms. Wong) was the top candidate.

20. Plaintiff spoke out in favor of hiring this person because she matched all the qualifications and requirements of the position including a salary demand within the range of the position posted.

21. However, Ms. Wong was not offered the position.

22. During deliberations regarding the new hiring, a staff member asked Plaintiff if he was related to Ms. Wong who was from Hong Kong, not Viet Nam. (Plaintiff was not related.)

23. Over Plaintiff's objection, Defendant Bell selected a Caucasian candidate for the position at more than twice the salary demand of Ms. Wong and in excess of the salary budgeted for the position.

24. On or about February, 2003, Plaintiff traveled to Viet Nam for personal legal business. Upon his return, Defendant O'Connor, told Plaintiff that he should stay away from him, and should not come back to the U.S. to spread the SARS virus.

25. Subsequently, Plaintiff has been wrongfully accused of improper conduct, been suspended and threatened with termination.

26. Plaintiff's office, computer, credit care and telephone access to the AAUP have been terminated.

27. Plaintiff has been wrongfully accused of misappropriation of funds of the AAUP.

28. All appropriation of funds by Plaintiff were authorized by AAUP officers and/or existing past practices of the AAUP.

29. Plaintiff's employment status, terms and working conditions have been adversely affected, and Plaintiff has been constructively discharged from his employment.

30. Plaintiff's suspension and constructive discharge are a pretext for Defendants' wrongful conduct.

### FIRST CAUSE OF ACTION
### (Conscientious Employee Protection Act)
### N.J.S.A. 34:19-1 et. seq.

31. Plaintiff adopts and incorporates the allegations set forth in paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff spoke out on a matter of public concern regarding the hiring of a minority.

33. As a result, Plaintiff has been subject to retaliation by way of a suspension and constructive discharge.

34. Plaintiff has suffered economic and emotional harm as a direct result of Defendants' wrongful conduct.

35. Defendants' conduct violates CEPA, N.J.S.A. 34:19-1, et . seq.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to:

    a. enter a declaratory judgment that Defendants' discriminatory and retaliatory acts, policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by federal and state legislative enactments and the common law, public policy and the New Jersey Constitutions;

    b. enjoin Defendants from harassment or any other retaliatory action toward Plaintiff;

  c. award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, loss of benefits and other damages;

  d. award reasonable costs and attorney's fee;

  e. award punitive damages; and

  f. grant any other relief this Court deems just and proper under the circumstances.

## SECOND CAUSE OF ACTION
### (New Jersey Law Against Discrimination)
### N.J.S.A. 10:5 *et. seq.*

36. Plaintiff adopts and incorporates the allegations set forth in paragraphs 1 through 35 as though fully set forth herein.

37. Defendants have created a hostile work environment for Plaintiff on account of his race and national origin in violation of NJLAD.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to:

  a. enter a declaratory judgment that Defendants' discriminatory and retaliatory acts, policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by federal and state legislative enactments and the common law, public policy and the New Jersey Constitutions;

  b. enjoin Defendants from harassment or any other retaliatory action toward Plaintiff;

  c. award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, loss of benefits and other damages;

  d. award reasonable costs and attorney's fee;

  e. award punitive damages; and

  f.  grant any other relief this Court deems just and proper under the circumstances.

### THIRD CAUSE OF ACTION
### (New Jersey Law Against Discrimination)
### N.J.S.A. 10:5 *et. seq.*

38. Plaintiff adopts and incorporates the allegations set forth in paragraphs 1 through 37 as though fully set forth herein.

39. Defendants have discriminated against Plaintiff on account of his race and national origin in violation of NJLAD, N.J.S.A 10:5 et seq.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to:

  a.  enter a declaratory judgment that Defendants' discriminatory and retaliatory acts, policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by federal and state legislative enactments and the common law, public policy and the New Jersey Constitutions;

  b.  enjoin Defendants from harassment or any other retaliatory action toward Plaintiff;

  c.  award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, loss of benefits and other damages;

  d.  award reasonable costs and attorney's fee;

  e.  award punitive damages; and

  f.  grant any other relief this Court deems just and proper under the circumstances.

### FOURTH CAUSE OF ACTION
### (Defamation)

40. Plaintiff adopts and incorporates the allegations set forth in paragraphs 1 through 39 as though fully set forth herein.

41. Defendants have published in writing and orally that Plaintiff has wrongfully misappropriated AAUP monies.

42. Said publications are false and defamatory.

43. Defendants' words have also cast Plaintiff in a false light, depicting Plaintiff as a dishonest individual.

44. Defendants' false and defamatory words were false when uttered and were intended and have been conveyed and were believed by numerous AAUP members.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to:

a. enter a declaratory judgment that Defendants' discriminatory and retaliatory acts, policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by federal and state legislative enactments and the common law, public policy and the New Jersey Constitutions;

b. enjoin Defendants from harassment or any other retaliatory action toward Plaintiff;

c. award Plaintiff compensatory damages including but not limited to pain, suffering, past economic loss, future economic loss, back pay, front pay, loss of life's pleasures, loss of reputation, loss of benefits and other damages;

d. award reasonable costs and attorney's fee;

e. award punitive damages; and

f. grant any other relief this Court deems just and proper under the circumstances.

FROST & ZEFF

BY: _____
GREGG L. ZEFF, ESQUIRE
430 Route 70 West
Cherry Hill, NJ 08002
(856) 429-1700

PLEASE TAKE NOTICE THAT THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.

_____
GREGG L. ZEFF, ESQUIRE
Attorney for Plaintiffs

PLEASE TAKE NOTICE THAT PURSUANT TO RULE 4:25-4, GREGG L. ZEFF, ESQUIRE, IS HEREBY DESIGNATED AS TRIAL COUNSEL IN THE ABOVE-CAPTIONED MATTER ON BEHALF OF THE FIRM OF FROST & ZEFF.

_____
GREGG L. ZEFF, ESQUIRE
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I served a true and correct copy of the Civil Cover Sheet and the Notice of Removal upon the attorney for plaintiff at

> Gregg Zeff
> Frost & Zeff
> Pier Five at Penn's Landing
> Philadelphia, PA 19106

and upon the Superior Court of New Jersey at:

> Middlesex County Superior Court
> Courthouse
> 1 JFK Sq.,
> P.O. Box 964
> New Brunswick, NJ 08903-0964

by first class prepaid mail.

_____
Paul Schachter

Dated: April 2, 2004