REINHARDT & SCHACHTER, LLC
One Gateway Center, 26th Floor
Newark, NJ 07102
973-623-1600

Attorneys for defendants Rutgers Council
of AAUP Chapters, Professor Rudolph Bell,
and  Professor Daniel O'Connor

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                              :
AHN-TUAN TRUONG,                  :
                                              :
               Plaintiff,              :          Civil Action No. 04-1637 (JWB)
                                              :
          v.                              :          **ANSWER TO COMPLAINT**
                                              :          **AND COUNTERCLAIM WITH**
AMERICAN ASSOCIATION OF       :          **DEMAND FOR TRIAL BY JURY**
UNIVERSITY PROFESSORS,         :
RUTGERS UNIVERSITY, and        :
PROFESSOR RUDOLPH BELL, and :
PROFESSOR DANIEL O'CONNOR,  :
                                              :
               Defendants.           :
_____:

Defendants Rutgers Council of AAUP Chapters (incorrectly pleaded as

American Association of University Professor, Rutgers University), Professor

Rudolph Bell, and  Professor Daniel O'Connor (hereinafter collectively referred to as

"defendants"), by their undersigned counsel, Reinhardt & Schachter, LLC, by way of

Answer to Plaintiff's Complaint, allege and say

1.      The allegations in paragraph No. 1 are conclusory in nature, and

defendants neither admit or deny the accuracy thereof.

1

2.      Defendants have insufficient knowledge to either admit or deny the allegations set forth in paragraph No. 2 and leave plaintiff to his proofs thereon.

3.      Defendants state that the Rutgers Council of AAUP Chapters (hereinafter "AAUP") is a labor organization representing public employees in the State of New Jersey.  Except as so stated, defendants deny the allegation of paragraph No. 3.

4.      Defendants admit the allegations of paragraph No. 4 that Professor Rudolph Bell is a citizen and resident of the State of New Jersey and that he became President of the AAUP effective on or around September 1, 2003.

5.      Defendants admit the allegations of paragraph No. 4.

6.      Defendants admit the allegations of paragraph No. 5.

7.      Defendants have insufficient knowledge to either admit or deny the allegations set forth in paragraph No. 7 and leave plaintiff to his proofs thereon.

8.      Defendants admit the allegations of paragraph No. 8 that plaintiff was hired for the position of Administrative Director on or about September 1, 1998.

9.      Defendants state that plaintiff's job duties are set forth in the employment agreement dated July 15, 1999 and refer the court to said document for a description of its contents.  Except as so stated, defendants deny the allegations of paragraph No. 9.

10.     Defendants admit the allegations of paragraph No. 10.

11.     Defendants state that plaintiff received pay raise and received one award.  Except as so admitted, defendants deny the allegations of paragraph No. 11.

12.     Defendants deny the allegations of paragraph No. 12.

13.     Defendants have insufficient knowledge to either admit or deny the allegations set forth in paragraph No. 13 and leave plaintiff to his proofs thereon.

14.     Defendants have insufficient knowledge to either admit or deny the allegations set forth in paragraph No. 14 and leave plaintiff to his proofs thereon.

15.     Defendants admit that plaintiff took vacation leave and compensatory time starting in 2001.  Except as so stated, defendants deny the allegation of paragraph No. 15.

16.     Defendants admit that that the AAUP posted a job announcement for a vacant position of Staff Representative in or around August 2003 and that Professor Scheinbeim, Professor Carlson, various staff members and various officers were involved in the hiring process.  Except as so stated, defendants deny the allegation of paragraph No. 16.

17.     Defendants admit the allegations of paragraph No. 17 that initial screening and selection for interview of candidates was performed prior to September 1, 2003 while Professor Scheinbeim was President of the AAUP.

18.     Defendants admit the allegations of paragraph No. 18 that interviews for candidates were performed after to September 1, 2003 when Professor Bell was President of the AAUP.

3

19.     Defendants deny the allegations of paragraph No. 19.

20.     Defendants deny the allegations of paragraph No. 20.

21.     Defendants admit the allegations of paragraph No. 21.

22.     Defendants deny the allegations of paragraph No. 22.

23.     Defendants deny the allegations of paragraph No. 23.

24.     Defendants have insufficient knowledge to admit or deny that plaintiff traveled to Viet Nam in or around February 2003 for personal legal business and leave plaintiff to his proofs thereon.  Defendants deny the remaining allegation of paragraph No. 24.

25.     Defendants state that plaintiff was put on paid administrative leave in November 2003 while the AAUP was conducting an investigation concerning improper expenditures, fraud, dishonesty, and conflict of interest and that one day after being placed on paid administrative leave plaintiff reported that he was taking sick leave.  Except as so admitted, defendants deny the allegation of paragraph No. 25.

26.     Defendants state that plaintiff was put on paid administrative leave in November 2003 while the AAUP was conducting an investigation concerning improper expenditures, fraud, dishonesty, and conflict of interest, that plaintiff's authorization to use AAUP charge cards was discontinued and that plaintiff was asked to return the AAUP cell phone and computer he was using.  Except as so admitted, defendants deny the allegation of paragraph No. 26.

27.     Defendants deny the allegations of paragraph No. 27.

4

28.    Defendants deny the allegations of paragraph No. 28.

29.    Defendants deny the allegations of paragraph No. 29.

30.    Defendants deny the allegations of paragraph No. 30.

31.    Defendants restate and repeat their responses to paragraph Nos. 1 through 30 as if set forth fully herein in response to the allegations of paragraph No. 31.

32.    Defendants deny the allegations of paragraph No. 32.

33.    Defendants deny the allegations of paragraph No. 33.

34.    Defendants deny the allegations of paragraph No. 34.

35.    Defendants deny the allegations of paragraph No. 35.

36.    Defendants restate and repeat their responses to paragraph Nos. 1 through 35 as if set forth fully herein in response to the allegations of paragraph No. 36.

37.    Defendants deny the allegations of paragraph No. 37.

38.    Defendants restate and repeat their responses to paragraph Nos. 1 through 37 as if set forth fully herein in response to the allegations of paragraph No. 38.

39.    Defendants deny the allegations of paragraph No. 39.

40.    Defendants restate and repeat their responses to paragraph Nos. 1 through 39 as if set forth fully herein in response to the allegations of paragraph No. 34.

41.    Defendants deny the allegations of paragraph No. 41.

42.     Defendants deny the allegations of paragraph No. 42.

43.     Defendants deny the allegations of paragraph No. 43.

44.     Defendants deny the allegations of paragraph No. 44.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

45.     All or some of plaintiff's claims are barred because the Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

46.     Plaintiff's Complaint on certain causes of action is barred, as defendants cannot be individually liable for the claims alleged.

### THIRD AFFIRMATIVE DEFENSE

47.     No defendant engaged in any conduct which was a violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

### FOURTH AFFIRMATIVE DEFENSE

48.     Plaintiff was not employed by some of the defendants and those defendants cannot be liable under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq. and/or the Conscientious Employee Protection Act, N.J.S.A. 39:19-1, et seq.

### FIFTH AFFIRMATIVE DEFENSE

49.     No defendant engaged in any conduct which was a violation of the Conscientious Employee Protection Act, N.J.S.A. 39:19-1, et seq.

6

## SIXTH AFFIRMATIVE DEFENSE

50.     Plaintiff's claims are barred under some or all of the causes of action because he has failed to make an election Conscientious Employee Protection Act, N.J.S.A. 39:19-1, et seq.

## SEVENTH AFFIRMATIVE DEFENSE

51.     Plaintiff's claims are barred as defendants acted in good faith at all times.

## EIGHTH AFFIRMATIVE DEFENSE

52.     Plaintiff's claims are barred as defendants did not engage in any willful or malicious acts.

## NINTH AFFIRMATIVE DEFENSE

53.     Plaintiff's claims are barred by the statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

54.     Plaintiff's claims are barred by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

55.     Plaintiff's claims are barred by the doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

56.     Plaintiff's claims are barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

57.     Plaintiff's claims are barred by the doctrine of unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

58.     Plaintiff's claims for damages are barred because he did not avail himself of workers compensation.

## FIFTEENTH AFFIRMATIVE DEFENSE

59.     The actions of defendants were not the proximate cause of any damages or injuries which may have been sustained by plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

60.     The actions of defendants did not cause any injury for which there is an entitlement to damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

61.     If plaintiff sustained any loss, injury or damage as alleged in this action, said loss, injury or damage was caused and contributed to by plaintiff's actions in that he did not exercise ordinary care on his behalf, and in the performance of his employment at the time and places alleged in this matter, and plaintiff's own actions and inactions proximately caused and contributed to the loss, injury and damage alleged, and plaintiff's recovery from defendants should be precluded or reduced in proportion to the percentage of plaintiff's negligence.

## EIGHTEENTH AFFIRMATIVE DEFENSE

62.     Plaintiff cannot recover punitive damages against some or all of these defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

63.     None of the damages sought by the plaintiff are properly recoverable in this action.

8

## TWENTIETH AFFIRMATIVE DEFENSE

64.     Any damage, loss or injury suffered by the plaintiff is the result of acts or omissions of plaintiff or other parties over whom defendants had no control.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

65.     Defendants have breached no duty owed to plaintiff, either express or implied.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

66.     Plaintiff's claims are barred for failure to mitigate damages.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

67.     Plaintiff's claims are barred for some or all of the causes of action because he has failed to timely invoke the remedies under the arbitration clause of the individual employment agreement between the parties.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

68.     Plaintiff's claims for defamation are barred because defendants acted within the scope of privilege, including the privilege to discuss personnel matters within the employer among those that have a duty or right to know and to make decisions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

69.     Plaintiff's claims for defamation are barred because there was no publication.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

70.     Plaintiff's claims for defamation are barred because any publication of statements concerning plaintiff was truthful.

### .**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

71.    Plaintiff's claims for discharge are barred because plaintiff abandoned his employment.

### **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

72.    Plaintiff's has no entitlement to claim attorney's fees for some or all of the causes of action.

### **TWENTY-NINTH AFFIRMATIVE DEFENSE**

73.    Plaintiff's Complaint was commenced solely for the purposes of harassment, delay and malicious injury to defendants, in violation of N.J.S.A. 2A:15-59.1 and Rule 11, Fed.R.Civ.Proc., and defendants reserve the right to move for the imposition of sanctions and fees at the appropriate juncture.

### **THIRTIETH AFFIRMATIVE DEFENSE**

Defendants reserve their right to amend and to assert any additional and separate defenses based upon the discovery of additional facts ascertained through continuing and ongoing investigation and discovery.

WHEREFORE, defendants Rutgers Council of AAUP Chapters, Professor Rudolph Bell, and  Professor Daniel O'Connor demand judgment dismissing plaintiff's Complaint with prejudice together with attorney's fees, costs of suit and such other and further relief as the Court deems equitable and just.

**COUNTERCLAIM**

Defendant Rutgers Council of AAUP Chapters states as and for its

Counterclaim against plaintiff that

1.      The employment agreement between the AAUP and plaintiff provides

that plaintiff is a salaried employee who is required to work more than 35 hours/week

without receiving extra compensation.

2.      The employment agreement between the AAUP and plaintiff was

submitted for approval to the Executive Council of the AAUP.

3.      The Executive Council passed resolutions on July 8, 1999.eliminating

any reference to a 35 hour week so as to not require compensatory time off under

normal circumstances and eliminating calculation of compensatory time at overtime

rates.

4.      Plaintiff was responsible for implementing the resolutions of the Executive

Council.

5.      From 1999 to November 2001, plaintiff did not submit requests for

accrual of paid compensatory time off.

6.      Starting in or after November 2001, plaintiff engaged in extensive

personal business during work time while he was supposed to be devoting full-time to

his AAUP employment.

7.      Starting in or after November 2001, plaintiff claimed to have engaged in

work for the AAUP over and above a 40 hour work week.

8.    The "extra" work plaintiff claimed to be performing was work that he should have performed during his regular work day, but did not perform because he was improperly engaged in his own personal business.

9.    Starting in or around November 2001, plaintiff fraudulently represented that he was entitled to paid compensatory time to be calculated at overtime rates and induced the AAUP to approve such payments.

10.    Plaintiff fraudulently and dishonestly withheld the information from the persons required to authorize his use  compensatory time that (1) he had not previously been approved for compensatory time off despite his claim to have regularly worked more the 35 hours in a week in prior years, (2) there was an Executive Council resolution against accrual of compensatory time under normal circumstances when plaintiff's employment agreement was first approved, and (3) there was an Executive Council resolution against accrual of compensatory time worked at overtime rates when plaintiff's employment agreement was first approved.

11.    Plaintiff fraudulently inflated the hours that he claimed as paid compensatory time so as to obtain unearned paid time off from the AAUP.

12.    The AAUP's written policy forbids authorization of compensatory time that is submitted more than five days after it is accrued from being approved or paid.

13.    Plaintiff submitted claims for compensatory time for dates that were more than five days in the past.

14.    By the foregoing acts, plaintiff fraudulently submitted claims for paid compensatory time at overtime rates.

12

15.     By the foregoing acts, plaintiff committed fraud by receiving paid time off for compensatory time at overtime rates.

16.     By the foregoing acts, plaintiff obtained paid time off for compensatory time at overtime rates under false pretenses.

17.     By the foregoing acts, plaintiff obtained paid time off for compensatory time at overtime rates to which he was not entitled.

WHEREFORE, defendant Rutgers Council of AAUP Chapters demands judgment and relief in the form of an order

a.     finding that plaintiff acted fraudulently under the laws of the state of New Jersey;

b.     requiring plaintiff to repay in full all of the compensatory time payments received with interest from the date of receipt;

c.     requiring plaintiff to pay compensatory damages;

d.     requiring plaintiff to pay punitive damages;

e.     requiring plaintiff to pay for the costs and disbursements of this action; and

f.      providing such other and further relief as to this court seems just and

proper.

REINHARDT & SCHACHTER, LLC
One Gateway Center, 26th Floor
Newark, NJ, NY 07102
(973) 623-1600

Attorneys for Defendants

*s/ Paul Schachter*

By:_____
            Paul Schachter
            PS 5005

DATED:  April 21, 2004

## DEMAND FOR TRIAL BY JURY

Defendants, Rutgers Council of AAUP Chapters, Professor Rudolph Bell, and

Professor Daniel O'Connor, demand trial by jury on all issues.

REINHARDT & SCHACHTER, LLC
One Gateway Center, 26th Floor
Newark, NJ, NY 07102
(973) 623-1600

Attorneys for Defendants

*s/ Paul Schachter*

By:_____
            Paul Schachter
            PS 5005

Dated:  April 21, 2004